FILED

MAY 28 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) S U P E R S E D I N G |
| | ) I N D I C T M E N T |
| Plaintiff, | ) |
| | ) JUDGE CHARLES ESQUE FLEMING |
| v. | ) |
| | ) CASE NO.: 1:23CR246 |
| KOFFI ANDREA VERSAINT TAREGUE, | ) Title 18, United States Code, |
| BILE JEAN PHILIPPE ASSEMIAN, | ) Sections 371, 554, 922(a)(1)(A), |
| | ) (a)(6), 923(a), 924(a)(1)(D), |
| Defendants. | ) (a)(2), 1001(a)(2), and 2; |
| | ) Title 22, United States Code, |
| | ) Sections 2778(b)(2) and (c) |

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. Defendant KOFFI ANDREA VERSAINT TAREGUE was a citizen of the Ivory Coast and a legal permanent resident of the United States of America. Defendant BILE JEAN PHILIPPE ASSEMIAN was a citizen of the Ivory Coast. Both men at various times lived in or visited the United States. TAREGUE and ASSEMIAN did not possess a Federal Firearms License from the Bureau of Alcohol, Tobacco, Firearms, and Explosives; an export license issued by the United States Department of State, Directorate of Defense Trade Controls ("DDTC"); or an export license issued by the Department of Commerce.

**The Arms Export Control Act, International Traffic in Arms Regulations, and United States Munitions List Prior to March 9, 2020**

2. The export of defense articles, including arms, ammunition, and implements of war, from the United States was governed by the Arms Export Control Act ("AECA"), Title 22, United

States Code, Section 2778, and the International Traffic in Arms Regulations ("ITAR"), Title 22, Code of Federal Regulations, Parts 120-130.

3. The AECA authorized the President, among other things, to control the export of "defense articles" deemed critical to the national security and foreign policy interests of the United States. The AECA also authorized the President to designate items as "defense articles," require licenses for the export of such articles and promulgate regulations for the export of such articles. By executive order, the President delegated this authority to the United States Department of State, Directorate of Defense Trade Controls ("DDTC"). Accordingly, the DDTC promulgated regulations under the AECA, which were known as the International Traffic in Arms Regulations ("ITAR").

4. The ITAR implemented the provisions of the AECA and established the framework for regulating the export of defense articles. The ITAR defined an "export" as the sending or taking of a defense article out of the United States in any manner. The ITAR defined a "defense article" to be any item on the United States Munitions List ("USML"). The ITAR contained the USML.

5. Persons desiring to export defense articles and services specified on the USML from the United States were required to register with the DDTC and obtain individual export licenses for each shipment abroad prior to the export, as set forth in Title 22, Code of Federal Regulations, Parts 122 and 123. At all times relevant to this Indictment, it was illegal to export or attempt to export defense articles on the USML without a license or written authorization from the DDTC.

6. Prior to March 9, 2020, the USML included non-military firearms, receivers, barrels, and other parts and accessories for non-automatic and semi-automatic firearms chambered

in .50 caliber and smaller. On January 23, 2020, the Department of State promulgated a final rule that revised the USML. Effective March 9, 2020, non-military firearms, receivers, barrels, and other parts and accessories for non-automatic and semi-automatic firearms chambered in .50 caliber and smaller were removed from the USML and transferred to the Commerce Control List ("CCL"), which was administered by the Department of Commerce, as described below.

7. At no time did TAREGUE and ASSEMIAN apply for or receive a license or written authorization from the DDTC to export any items listed on the USML, including but not limited to firearms, receivers, barrels or any other parts and accessories for non-automatic and semi-automatic firearms chambered in .50 caliber and smaller.

**The Export Control Reform Act and the Commerce Control List After March 9, 2020**

8. The Export Control Reform Act of 2018 ("ECRA") provided, among its stated policy objectives, that "the national security and foreign policy of the United States require that the export, reexport, and in-country transfer of items, and specific activities of United States persons, wherever located, be controlled. . . ." 50 U.S.C. § 4811(2). To that end, ECRA granted the President the authority "(1) to control the export, reexport, and in-country transfer of items subject to the jurisdiction of the United States, whether by United States persons or by foreign persons; and (2) the activities of United States persons, wherever located, relating to" specific categories of items and information. 50 U.S.C. § 4812. ECRA further granted the Secretary of Commerce the authority to establish the applicable regulatory framework.

9. Pursuant to that authority, the Department of Commerce ("DOC") reviewed and controlled the export of certain items, including commodities, software, and technologies, from the United States to foreign countries through the Export Administration Regulations ("EAR"), 15 C.F.R. Parts 730-774. In particular, the EAR restricted the export of items that could make a

3

significant contribution to the military potential of other nations or that could be detrimental to the foreign policy or national security of the United States. The EAR imposed licensing and other requirements for items subject to the EAR to be lawfully exported from the United States or lawfully re-exported from one foreign destination to another. "Export" was defined in the EAR as an "actual shipment or transmission out of the United States." 15 C.F.R. § 734.13(a)(1).

10. The most sensitive items subject to EAR controls are identified on the Commerce Control List, or "CCL," published at 15 C.F.R. part 774, Supp. No. 1. Items on the CCL were categorized by Export Control Classification Number ("ECCN"), each of which has export control requirements depending on destination, end use, and end user.

11. Pursuant to ECRA, "[i]t shall be unlawful for a person to violate, attempt to violate, conspire to violate, or cause a violation of this part or of any regulation, order, license, or other authorization issued under this part," and, "[a] person who willfully commits, willfully attempts to commit, or willfully conspires to commit, or aids or abets in the commission of, an unlawful act" shall be guilty of a crime. 50 U.S.C. § 4819.

12. On January 23, 2020, the Department of Commerce published a final rule that added non-military firearms, receivers, barrels, and other parts and accessories for non-automatic and semi-automatic firearms chambered in .50 caliber and smaller to the CCL administered by the Department of Commerce, effective March 9, 2020. After March 9, 2020, these items could not be exported from the United States without a license or written approval from the Department of Commerce.

13. At no time did TAREGUE and ASSEMIAN apply for or receive a license or written authorization from the Department of Commerce to export any items listed on the CCL, including

4

but not limited to firearms, receivers, barrels or any other parts and accessories for non-automatic and semi-automatic firearms chambered in .50 caliber and smaller.

## COUNT 1
(Conspiracy to Smuggle Goods from the United States, 18 U.S.C. § 371)

The Grand Jury charges:

14. The factual allegations of Paragraphs 1 through 13 of this Indictment are realleged and incorporated by reference herein.

15. From in or around November 2018 to in or around October 2020, the exact dates to the Grand Jury being unknown, in the Northern District of Ohio, Eastern Division and elsewhere, Defendants KOFFI ANDREA VERSAINT TAREGUE and BILE JEAN PHILIPPE ASSEMIAN, and others known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate and agree together, with each other, and with diverse other persons, to commit an offense against the United States, to wit: to fraudulently and knowingly export and send from the United States merchandise, articles, and objects contrary to Title 22, United States Code, Section 2778; Title 22, Code of Federal Regulations, Parts 120-130; Title 50, United States Code, Sections 4801-4852; and Title 15, Code of Federal Regulations, Parts 730-744, which are laws and regulations of the United States, in violation of Title 18, United States Code, Section 554.

## OBJECTS OF THE CONSPIRACY

16. The objects of the conspiracy were to engage in the unlawful purchase and export of firearms from the United States to co-conspirators in the Ivory Coast; to provide firearms to individuals, including Defendant BILE JEAN PHILIPPE ASSEMIAN, in the Ivory Coast; and to avoid detection of the firearms shipments by law enforcement authorities.

## MANNER AND MEANS

17. It was part of the conspiracy that:

    A. TAREGUE and ASSEMIAN obtained firearms in the United States;

    B. TAREGUE and ASSEMIAN had others purchase firearms for them in the United States;

    C. TAREGUE and ASSEMIAN concealed firearms and firearms parts in containers containing common household goods;

    D. TAREGUE and ASSEMIAN delivered firearms and firearms parts concealed in household goods to an export shipping company in the United States, without declaring that the shipments contained firearms and firearms parts;

    E. TAREGUE and ASSEMIAN provided payment for the firearms and firearms parts;

    F. TAREGUE and ASSEMIAN did not disclose the shipment of firearms or firearms parts from the United States to the United States government; and

    G. TAREGUE and ASSEMIAN did not obtain the licenses or written approvals that were required to export the firearms and firearms parts alleged herein from the Department of State prior to March 9, 2020, and from the Department of Commerce after March 9, 2020.

## OVERT ACTS

18. In furtherance of the conspiracy, and to effect the object and conceal the existence thereof, TAREGUE and ASSEMIAN and others performed overt acts in the Northern District of Ohio, Eastern Division, and elsewhere, including, but not limited to, the following:

19. On or about the following dates, each purchase constituting a separate overt act, TAREGUE and ASSEMIAN purchased and caused to be purchased the following firearms:

|     | DATE       | FIREARM                            |
|-----|------------|------------------------------------|
| (a) | 11/26/2018 | Benelli Arms M4 Shotgun            |
| (b) | 6/6/2019   | Anschutz Rifle                     |
| (c) | 6/12/2019  | Ruger .22 LR Rifle                 |
| (d) | 7/2/2019   | Mossberg 5.56 Rifle                |
| (e) | 7/2/2019   | Henry US Survival .22 LR Rifle     |
| (f) | 7/2/2019   | Henry Frontier .22 LR Rifle        |
| (g) | 7/2/2019   | S&W M&P .22LR Rifle                |
| (h) | 7/2/2019   | Remington 870 12ga Shotgun         |
| (i) | 7/26/2019  | CZ 457 Varmint .22 LR Rifle        |
| (j) | 7/26/2019  | S&W M&P 5.56 Rifle                 |
| (k) | 7/26/2019  | Beretta Pintail 12ga Shotgun       |
| (l) | 9/19/2019  | Ruger .22 LR Rifle                 |
| (m) | 9/19/2019  | Ruger .22 LR Rifle                 |
| (n) | 9/19/2019  | Ruger .22 LR Rifle                 |
| (o) | 9/19/2019  | S&W M&P .22LR Rifle                |
| (p) | 9/19/2019  | Henry US Survival .22 LR Rifle     |
| (q) | 9/19/2019  | Henry US Survival .22 LR Rifle     |
| (r) | 10/22/2019 | Henry Golden Boy Silver 22LR Rifle |
| (s) | 10/22/2019 | Henry Golden Boy Silver 22LR Rifle |

|      | DATE       | FIREARM                              |
|------|------------|--------------------------------------|
| (t)  | 10/31/2019 | CZ 457 Varmint AT-One .22 LR Rifle   |
| (u)  | 10/31/2019 | Anschutz .22LR Rifle                 |
| (v)  | 11/2/2019  | Glock 19 9mm Pistol                  |
| (w)  | 11/2/2019  | Glock 17 9mm Pistol                  |
| (x)  | 11/5/2019  | Tikka CTR 6.5 Rifle                  |
| (y)  | 11/5/2019  | Glock 26 9mm Pistol                  |
| (z)  | 11/8/2019  | Glock 17 9mm Pistol                  |
| (aa) | 11/8/2019  | Glock 17 9mm Pistol                  |
| (bb) | 11/8/2019  | Glock 17 9mm Pistol                  |
| (cc) | 11/8/2019  | Glock 17 9mm Pistol                  |
| (dd) | 11/8/2019  | Glock 19 9mm Pistol                  |
| (ee) | 11/8/2019  | Glock 19 9mm Pistol                  |
| (ff) | 11/8/2019  | Glock 19 9mm Pistol                  |
| (gg) | 11/8/2019  | Glock 48 9mm Pistol                  |
| (hh) | 11/8/2019  | Glock 48 9mm Pistol                  |
| (ii) | 11/13/2019 | DPMS Pardus Rifle                    |
| (jj) | 11/13/2019 | S&W M&P 15 Rifle                     |
| (kk) | 11/13/2019 | Ruger American Ranch 7.62x39 Rifle   |
| (ll) | 12/4/2019  | Benelli Super Sport Shotgun          |
| (mm) | 1/24/2020  | Beretta 81 .32 Pistol                |
| (nn) | 1/24/2020  | Glock 43x 9mm Pistol                 |

|       | DATE      | FIREARM                               |
|-------|-----------|---------------------------------------|
| (oo)  | 1/24/2020 | Glock 43X 9mm Pistol                  |
| (pp)  | 1/24/2020 | CZ 550 Rifle                          |
| (qq)  | 1/24/2020 | Glock 26 9mm Pistol                   |
| (rr)  | 1/24/2020 | Glock 26 9mm Pistol                   |
| (ss)  | 1/24/2020 | Beretta Tomcat .32 Pistol             |
| (tt)  | 1/24/2020 | Beretta Tomcat .32 Pistol             |
| (uu)  | 1/24/2020 | Taurus .357 Pistol                    |
| (vv)  | 1/24/2020 | Taurus 38/357/9mm Multi Caliber Pistol |
| (ww)  | 1/24/2020 | Beretta APX 9mm Pistol                |
| (xx)  | 1/24/2020 | Beretta PX4 Storm Pistol              |
| (yy)  | 1/24/2020 | Beretta 92 FS 9mm Pistol              |
| (zz)  | 1/24/2020 | Glock 19 9mm Pistol                   |
| (aaa) | 1/24/2020 | Glock 19 9mm Pistol                   |
| (bbb) | 1/24/2020 | Glock 19 9mm Pistol                   |
| (ccc) | 1/29/2020 | Beretta 81 .32 Pistol                 |
| (ddd) | 4/3/2020  | Beretta Pistol                        |
| (eee) | 4/3/2020  | Beretta Pistol                        |
| (fff) | 10/7/2020 | Christensen Arms 14 Rifle             |

20. On or about the following dates, each purchase constituting a separate overt act, TAREGUE and ASSEMIAN purchased and caused to be purchased the following firearms parts:

|     | DATE       | FIREARM PART                        |
| --- | ---------- | ----------------------------------- |
| (a) | 7/2/2019   | Element 22 LR Suppressor            |
| (b) | 7/2/2019   | Element 22 LR Suppressor            |
| (c) | 10/16/2019 | Sidewinder 9mm Suppressor           |
| (d) | 10/16/2019 | Bowers VERS 458 V2 Rifle Suppressor |

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
(Smuggling Goods from the United States, 18 U.S.C. §§ 554 and 2)

The Grand Jury further charges:

21. On a date between about June 6, 2019, and about July 2, 2019, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant KOFFI ANDREA VERSAINT TAREGUE fraudulently and knowingly exported and sent from the United States, and attempted to export and send from the United States, a Anschutz rifle, model 1710, .22 caliber, serial 3176894; and a Ruger rifle, model Precision 22, .22 caliber, serial #840-34271, contrary to the Arms Export Control Act, 22 U.S.C. §§ 2778(b)(2) and (c), and International Traffic in Arms Regulations (22 C.F.R. Part 120 et seq.), laws and regulations of the United States, all in violation of Title 18, United States Code, Sections 554 and 2.

## COUNT 3
(Smuggling Goods from the United States, 18 U.S.C. §§ 554 and 2)

The Grand Jury further charges:

22. On a date between about July 2, 2019, and about August 1, 2019, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant KOFFI ANDREA VERSAINT TAREGUE fraudulently and knowingly exported and sent from the United States, and attempted to export and send from the United States the following firearms:

- Mossberg rifle, model Flex MVP, 5.56mm, serial # MVP0016856;
- Henry rifle, model US Survival, .22 caliber, serial #US022545C;
- Henry rifle, model Frontier, .22 caliber, serial #T02469SPR;
- Smith and Wesson rifle, model M&P15-22, .22 caliber, serial #DFN5650;
- Remington shotgun, model 870 Express, 12ga, serial #CC50201C ;
- CZ rifle, model 457 Varmint, .22 caliber, serial #C833089;
- Smith and Wesson rifle, model M&P15, 5.56mm, serial #TF61349; and
- Beretta shotgun, model Pintail, 12ga, serial #E01457-97.

contrary to the Arms Export Control Act, 22 U.S.C. §§ 2778(b)(2) and (c), and International Traffic in Arms Regulations (22 C.F.R. Part 120 et seq.), laws and regulations of the United States, all in violation of Title 18, United States Code, Sections 554 and 2.

## COUNT 4
(Smuggling Goods from the United States, 18 U.S.C. §§ 554 and 2)

The Grand Jury further charges:

23. On a date between about September 19, 2019, and about October 11, 2019, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant KOFFI ANDREA VERSAINT TAREGUE fraudulently and knowingly exported and sent from the United States, and attempted to export and send from the United States the following firearms:

- Ruger rifle, model Precision, .22 caliber, serial #840-86283;
- Ruger rifle, model 10/22 TD, .22 caliber, serial #0014-48073;
- Ruger rifle, model American, .22 caliber, serial #834-60324;
- Smith and Wesson rifle, model M&P15-22, .22 caliber, serial #DFN3649;

- o Henry rifle, model US Survival, .22 caliber, serial #US04864VW; and
- o Henry rifle, model US Survival, .22 caliber, serial #US04851VW.

contrary to the Arms Export Control Act, 22 U.S.C. §§ 2778(b)(2) and (c), and International Traffic in Arms Regulations (22 C.F.R. Part 120 et seq.), laws and regulations of the United States, all in violation of Title 18, United States Code, Sections 554 and 2.

## COUNT 5
(Smuggling Goods from the United States, 18 U.S.C. §§ 554 and 2)

The Grand Jury further charges:

24. On a date between about October 15, 2019, and about October 31, 2019, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant KOFFI ANDREA VERSAINT TAREGUE fraudulently and knowingly exported and sent from the United States, and attempted to export and send from the United States the following firearms:

- o Henry rifle, model Golden Boy Silver, .22 caliber, serial #SB024032;
- o Henry rifle, model Golden Boy Silver, .22 caliber, serial #SB024035;
- o CZ rifle, model 457 Varmint, .22 caliber, serial #D033628; and
- o Anschutz rifle, model 1710, .22 caliber, serial #3178836.

contrary to the Arms Export Control Act, 22 U.S.C. §§ 2778(b)(2) and (c), and International Traffic in Arms Regulations (22 C.F.R. Part 120 et seq.), laws and regulations of the United States, all in violation of Title 18, United States Code, Sections 554 and 2.

## COUNT 6
(Smuggling Goods from the United States, 18 U.S.C. §§ 554 and 2)

The Grand Jury further charges:

25. On a date between about November 1, 2019, and about November 25, 2019, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant KOFFI ANDREA VERSAINT TAREGUE fraudulently and knowingly exported and sent from the United States, and attempted to export and send from the United States the following firearms:

- Glock pistol, model G19, 9mm caliber, serial #BHNS427;
- Glock pistol, model G17, 9mm caliber, serial #BGTY051;
- Tikka rifle, model T3X CTR, 6.5mm, serial #N66852;
- Glock pistol, model G26, 9mm caliber, serial #AEAY493;
- Glock pistol, model 17, 9mm caliber, serial #BMKX272;
- Glock pistol, model 17, 9mm caliber, serial #BMKX273;
- Glock pistol, model 19, 9mm caliber, serial #BMFU566;
- Glock pistol, model 19, 9mm caliber, serial #BMFU567;
- Glock pistol, model 17, 9mm caliber, serial #BLKT232;
- Glock pistol, model 17, 9mm caliber, serial #BLKT369;
- Glock pistol, model 19, 9mm caliber, serial #BHHK441;
- Glock pistol, model G48, 9mm caliber, serial #BKND103;
- Glock pistol, model G48, 9mm caliber, serial # BLUZ208;
- DPMS rifle, model LR05PS, serial #FFH246328;
- Smith and Wesson rifle, model M&P-15, serial #TK25272; and
- Ruger rifle, model American Ranch, 7.62mm, serial #690299010.

contrary to the Arms Export Control Act, 22 U.S.C. §§ 2778(b)(2) and (c), and International Traffic in Arms Regulations (22 C.F.R. Part 120 et seq.), laws and regulations of the United States, all in violation of Title 18, United States Code, Sections 554 and 2.

COUNT 7
(Smuggling Goods from the United States, 18 U.S.C. §§ 554 and 2)

The Grand Jury further charges:

26. On a date between about January 21, 2020, and about February 18, 2020, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant KOFFI ANDREA VERSAINT TAREGUE fraudulently and knowingly exported and sent from the United States, and attempted to export and send from the United States the following firearms:

- Beretta pistol, model 81, .32 caliber, serial #D69335W;
- Glock pistol, model 43X, 9mm, serial #BMRA008;
- Glock pistol, model 43X, 9mm, serial #BMRA009;
- Glock pistol, model 26, 9mm, serial #AEAY498;
- Glock pistol, model 26, 9mm, serial #ADYH112;
- Beretta pistol, model Tomcat, .32 caliber, serial #DAA575928;
- Beretta pistol, model Tomcat, .32 caliber, serial #DAA575935;

- Taurus revolver, model 627, .357 caliber, serial #MW613922;
- Taurus revolver, model 692 Tracker, .357 caliber, serial #MR567561;
- Beretta pistol, model APX, 9mm, serial #A060931X;
- Beretta pistol, model PX4 Storm, 9mm, serial #PX370047;
- Beretta pistol, model 92FS, 9mm, serial #BER001652;
- Glock pistol, model 19, 9mm, serial #BLXK846;
- Glock pistol, model 19, 9mm, serial #BLXK847;
- Glock pistol, model 19, 9mm, serial #BLXK848;
- CZ rifle, model 550 bolt, .458 caliber, serial #D008573; and
- Beretta pistol, model 81, .32 caliber, serial #D49705W.

contrary to the Arms Export Control Act, 22 U.S.C. §§ 2778(b)(2) and (c), and International Traffic in Arms Regulations (22 C.F.R. Part 120 et seq.), laws and regulations of the United States, all in violation of Title 18, United States Code, Sections 554 and 2.

COUNT 8<br>(Control of Arms Exports and Imports, 22 U.S.C. §§ 2778(b)(2) and (c), and 18 U.S.C. § 2)

The Grand Jury further charges:

27. On a date between about June 6, 2019, and about July 2, 2019, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant KOFFI ANDREA VERSAINT TAREGUE knowingly and willfully exported and caused to exported from the United States to Ivory Coast, defense articles, to wit, a Anschutz rifle, model 1710, .22 caliber, serial 3176894; and a Ruger rifle, model Precision 22, .22 caliber, serial #840-34271, each that was designated as a defense article on the United States Munitions List, without having first obtained from the Department of State a license for such export and written authorization for such export, in violation of Title 22, United States Code, Sections 2778(b)(2) and (c), and Title 18, United States Code, Section 2, and Title 22, Code of Federal Regulations, Parts 121.1, 123.1, and 127.1.

COUNT 9
(Control of Arms Exports and Imports, 22 U.S.C. §§ 2778(b)(2) and (c), and 18 U.S.C. § 2)

The Grand Jury further charges:

28. On a date between about July 2, 2019, and about August 1, 2019, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant KOFFI ANDREA VERSAINT TAREGUE knowingly and willfully exported and caused to exported from the United States to Ivory Coast, defense articles, to wit, the following firearms:

- Mossberg rifle, model Flex MVP, 5.56mm, serial # MVP0016856;
- Henry rifle, model US Survival, .22 caliber, serial #US022545C;
- Henry rifle, model Frontier, .22 caliber, serial #T02469SPR;
- Smith and Wesson rifle, model M&P15-22, .22 caliber, serial #DFN5650;
- Remington shotgun, model 870 Express, 12ga, serial #CC50201C;
- CZ rifle, model 457 Varmint, .22 caliber, serial #C833089;
- Smith and Wesson rifle, model M&P15, 5.56mm, serial #TF61349; and
- Beretta shotgun, model Pintail, 12ga, serial #E01457-97.

each that was designated as a defense article on the United States Munitions List, without having first obtained from the Department of State a license for such export and written authorization for such export, in violation of Title 22, United States Code, Sections 2778(b)(2) and (c), and Title 18, United States Code, Section 2, and Title 22, Code of Federal Regulations, Parts 121.1, 123.1, and 127.1.

COUNT 10
(Control of Arms Exports and Imports, 22 U.S.C. §§ 2778(b)(2) and (c), and 18 U.S.C. § 2)

The Grand Jury further charges:

29. On a date between about September 19, 2019, and about October 11, 2019, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant KOFFI ANDREA VERSAINT TAREGUE knowingly and willfully exported and caused to exported from the United States to Ivory Coast, defense articles, to wit, the following firearms:

- o Ruger rifle, model Precision, .22 caliber, serial #840-86283;
- o Ruger rifle, model 10/22 TD, .22 caliber, serial #0014-48073;
- o Ruger rifle, model American, .22 caliber, serial #834-60324;
- o Smith and Wesson rifle, model M&P15-22, .22 caliber, serial #DFN3649;
- o Henry rifle, model US Survival, .22 caliber, serial #US04864VW; and
- o Henry rifle, model US Survival, .22 caliber, serial #US04851VW.

each that was designated as a defense article on the United States Munitions List, without having first obtained from the Department of State a license for such export and written authorization for such export, in violation of Title 22, United States Code, Sections 2778(b)(2) and (c), and Title 18, United States Code, Section 2, and Title 22, Code of Federal Regulations, Parts 121.1, 123.1, and 127.1.

## COUNT 11
(Control of Arms Exports and Imports, 22 U.S.C. §§ 2778(b)(2) and (c), and 18 U.S.C. § 2)

The Grand Jury further charges:

30. On a date between about October 15, 2019, and about October 31, 2019, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant KOFFI ANDREA VERSAINT TAREGUE knowingly and willfully exported and caused to exported from the United States to Ivory Coast, defense articles, to wit, the following firearms:

- o Henry rifle, model Golden Boy Silver, .22 caliber, serial #SB024032;
- o Henry rifle, model Golden Boy Silver, .22 caliber, serial #SB024035;
- o CZ rifle, model 457 Varmint, .22 caliber, serial #D033628; and
- o Anschutz rifle, model 1710, .22 caliber, serial #3178836.

each that was designated as a defense article on the United States Munitions List, without having first obtained from the Department of State a license for such export and written authorization for such export, in violation of Title 22, United States Code, Sections 2778(b)(2) and (c), and Title 18, United States Code, Section 2, and Title 22, Code of Federal Regulations, Parts 121.1, 123.1, and 127.1.

COUNT 12
(Control of Arms Exports and Imports, 22 U.S.C. §§ 2778(b)(2) and (c), and 18 U.S.C. § 2)

The Grand Jury further charges:

31. On a date between about November 1, 2019, and about November 25, 2019, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant KOFFI ANDREA VERSAINT TAREGUE knowingly and willfully exported and caused to exported from the United States to Ivory Coast, defense articles, to wit, the following firearms:

- Glock pistol, model G19, 9mm caliber, serial #BHNS427;
- Glock pistol, model G17, 9mm caliber, serial #BGTY051;
- Tikka rifle, model T3X CTR, 6.5mm, serial #N66852;
- Glock pistol, model G26, 9mm caliber, serial #AEAY493;
- Glock pistol, model 17, 9mm caliber, serial #BMKX272;
- Glock pistol, model 17, 9mm caliber, serial #BMKX273;
- Glock pistol, model 19, 9mm caliber, serial #BMFU566;
- Glock pistol, model 19, 9mm caliber, serial #BMFU567;
- Glock pistol, model 17, 9mm caliber, serial #BLKT232;
- Glock pistol, model 17, 9mm caliber, serial #BLKT369;
- Glock pistol, model 19, 9mm caliber, serial #BHHK441;
- Glock pistol, model G48, 9mm caliber, serial #BKND103;
- Glock pistol, model G48, 9mm caliber, serial # BLUZ208;
- DPMS rifle, model LR05PS, serial #FFH246328;
- Smith and Wesson rifle, model M&P-15, serial #TK25272; and
- Ruger rifle, model American Ranch, 7.62mm, serial #690299010.

each that was designated as a defense article on the United States Munitions List, without having first obtained from the Department of State a license for such export and written authorization for such export, in violation of Title 22, United States Code, Sections 2778(b)(2) and (c), and Title 18, United States Code, Section 2, and Title 22, Code of Federal Regulations, Parts 121.1, 123.1, and 127.1.

COUNT 13
(Control of Arms Exports and Imports, 22 U.S.C. §§ 2778(b)(2) and (c), and 18 U.S.C. § 2)

The Grand Jury further charges:

32. On a date between about January 21, 2020, and about February 18, 2020, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant KOFFI ANDREA VERSAINT TAREGUE knowingly and willfully exported and caused to exported from the United States to Ivory Coast, defense articles, to wit, the following firearms:

- Beretta pistol, model 81, .32 caliber, serial #D69335W;
- Glock pistol, model 43X, 9mm, serial #BMRA008;
- Glock pistol, model 43X, 9mm, serial #BMRA009;
- Glock pistol, model 26, 9mm, serial #AEAY498;
- Glock pistol, model 26, 9mm, serial #ADYH112;
- Beretta pistol, model Tomcat, .32 caliber, serial #DAA575928;
- Beretta pistol, model Tomcat, .32 caliber, serial #DAA575935;
- Taurus revolver, model 627, .357 caliber, serial #MW613922;
- Taurus revolver, model 692 Tracker, .357 caliber, serial #MR567561;
- Beretta pistol, model APX, 9mm, serial #A060931X;
- Beretta pistol, model PX4 Storm, 9mm, serial #PX370047;
- Beretta pistol, model 92FS, 9mm, serial #BER001652;
- Glock pistol, model 19, 9mm, serial #BLXK846;
- Glock pistol, model 19, 9mm, serial #BLXK847;
- Glock pistol, model 19, 9mm, serial #BLXK848;
- CZ rifle, model 550 bolt, .458 caliber, serial #D008573; and
- Beretta pistol, model 81, .32 caliber, serial #D49705W.

each that was designated as a defense article on the United States Munitions List, without having first obtained from the Department of State a license for such export and written authorization for such export, in violation of Title 22, United States Code, Sections 2778(b)(2) and (c), and Title 18, United States Code, Section 2, and Title 22, Code of Federal Regulations, Parts 121.1, 123.1, and 127.1.

COUNT 14
(Unlicensed Dealing in Firearms, 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D))

The Grand Jury further charges:

33. From on or about June 5, 2019, through on or about October 19, 2020, in the Northern District of Ohio, Eastern Division, and elsewhere, the defendant, KOFFI ANDREA VERSAINT TAREGUE, not being a licensed importer, licensed manufacturer, or licensed dealer, did willfully engage in the business of dealing in firearms, in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D).

COUNT 15
(False Statement, 18 U.S.C. § 1001(a)(2))

The Grand Jury further charges:

34. On or about April 4, 2020, in the Northern District of Ohio, Defendant KOFFI ANDREA VERSAINT TAREGUE did willfully and knowingly make a materially false statement in a matter within the jurisdiction of the executive branch of the Government of United States, by falsely stating to agents of the Federal Bureau of Investigation that he purchased the firearms detailed in Counts 1-12 as gifts, when, in fact, he had purchased these firearms for another individual who sent funds to the Defendant, in violation of Title 18, United States Code, Section 1001(a)(2).

COUNT 16
(False Statement During Purchase of a Firearm, 18 U.S.C. §§ 922(a)(6) and 924(a)(2))

The Grand Jury further charges:

35. On or about June 12, 2019, in the Northern District of Ohio, Defendant KOFFI ANDREA VERSAINT TAREGUE, in connection with the acquisition of a firearm, an Anschutz 1710 rifle, Serial Number 3176894, from Mayfield Gun, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious

19

written statement to Mayfield Gun as to a fact material to the lawfulness of such sale of said firearm to the defendant under Chapter 44 of Title 18, in that Defendant KOFFI ANDREA VERSAINT TAREGUE did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives form 4473, Firearms Transaction Record, to the effect that he was the actual buyer of the firearm indicated on the Form 4473, in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

FORFEITURE

The Grand Jury further charges:

36. For the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 924(d)(1) and 981(a)(1)(C); Title 22, United States Code, Section 401; and Title 28 United States Code, Section 2461(c), the allegations of Counts 1 through 16 are incorporated herein by reference. As a result of the foregoing offenses, Defendants KOFFI ANDREA VERSAINT TAREGUE and BILE JEAN PHILIPPE ASSEMIAN shall forfeit to the United States any and all property constituting, or derived from, any proceeds they obtained, directly or indirectly, as the result of such violations; any and all arms or munitions of war; and any and all property (including firearms and ammunition) involved in or used in the commission of such violations.

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.